IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:01CR261 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| KERRY L. BAKER, | ) | |
| Defendant. | ) | |

This matter is before the court on several motions filed by the defendant: Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (§ 2255 motion) (Filing No. 180); motion to inquire into a jurisdictional claim (Filing No. 181); Motion to Hold in Abeyance the § 2255 Motion (Filing No. 184); motion for status report regarding motion to inquire into a jurisdictional claim (Filing No. 190); Motion for Leave to Voluntarily Dismiss Motion Pending (Filing No. 199); Motion for Leave to Supplement § 2255 Motion (Filing No. 200); Motion for a New Trial (Filing No. 201); Motion to Vacate under 28 U.S.C. § 2255 (Filing No. 202); and motion for a copy of the docket sheet (Filing No. 204).

**Motion to Vacate under 28 U.S.C. § 2255**

The defendant, Kerry Baker, filed his first § 2255 motion on July 26, 2005. (Filing No. 180.) Shortly after filing this motion, defendant filed a motion requesting that the court hold his § 2255 motion in abeyance stating that he planned on appealing the Eighth Circuit Court of Appeal's decision by filing a writ of certiorari with the United States Supreme Court. (Filing No. 184.) On December 15, 2005, Baker filed a motion to voluntarily dismiss his motion to hold his § 2255 motion in abeyance stating that he was unable to file a writ of certiorari. (Filing No. 199.)  Therefore, the court will deem Baker's motion to hold his

§ 2255 motion in abeyance withdrawn, and will move forward on defendant's § 2255 motion.

Baker has filed a series of motions relating to his pending § 2255 motion. In his initial § 2255 he raised two issues: (1) that he received ineffective assistance of counsel based on his counsel's failure to move for a new trial at the end of the prosecution's arguments; and (2) that he was denied his Sixth Amendment right to confront his accuser. On December 23, 2005, Baker moved to supplement his § 2255 motion. (Filing No. 200.) In conjunction with this request, Baker filed an amended § 2255 motion and a brief in support of his § 2255 motion and amended § 2255 motion. (Filing No. 202.) In his amended motion Baker raised three additional issues: (3) "whether a jury trial is able to discern the slight but vast difference between finding a defendant guilty by either a preponderance of the evidence or beyond a reasonable doubt"; (4) whether movant's constitutional rights were violated now that the sentencing guidelines are advisory; and (5) whether the Eighth Circuit erred in reversing the district court's decision to remove the verdict from the jury.

The court will grant Baker's motion to supplement his § 2255 motion and will conduct initial review on Baker's initial § 2255 motion and his amended § 2255 motion. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file

> an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

I will order the government to answer the first three claims raised by the defendant. In addition to any other issues raised in the answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness. After the court receives the government's answer and accompanying documents, the court will review defendant's request for discovery and appointment of counsel and determine whether a hearing is required.[1]

With respect to defendant's fourth and fifth claims, these claims are summarily dismissed. Claim four alleges that the court violated Baker's constitutional rights during sentencing based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). However, the Eighth Circuit has held that the "new rule" announced in Booker, decided on January 12, 2005, does not apply to convictions that became final before the rule was announced. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). Therefore, because Baker's conviction was final before the Booker decision was announced, Baker's claim is denied.

In his fifth claim Baker challenges the Eighth Circuit's decision reversing the district court's decision to remove the verdict from the jury. Claims which were raised and decided on direct appeal cannot be relitigated in a motion to vacate pursuant to § 2255. See, e.g.,

---

[1] See Rule 8(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*:

> If the [§ 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2000); United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).  Therefore, Baker's claim is denied.

**Motion to Inquire into a Jurisdictional Claim and Motion for New Trial**

Baker has also filed two additional motions–"Motion to Inquire Into a Jurisdictional Claim" (Filing no. 181) and a "Motion for a New Trial" (Filing No. 201)– in which Baker asks this court to reconsider his sentence based on the Supreme Court's decision in Booker. However, as stated above, the Eighth Circuit has held that the "new rule" announced in Booker, decided on January 12, 2005, does not apply to convictions that became final before the rule was announced.  Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).   Therefore, because Baker's conviction was final before the Booker decision was announced, Baker's motions are denied.

IT IS ORDERED:

1. Defendant's motion to inquire into a jurisdictional claim (Filing No. 181) is denied;

2. Defendant's Motion for a New Trial (Filing No. 201) is denied;

3. Defendant's Motion to hold his motion under 28 U.S.C. § 2255 in abeyance (Filing No. 184) is deemed waived;

4. Defendant's motion for status report regarding his motion to inquire into a jurisdictional claim (Filing No. 190) is granted;

5. Defendant's Motion for Leave to Voluntarily Dismiss his Motion Pending (Filing No. 199) is granted;

6. Defendant's motion for a copy of the docket sheet (Filing No. 204) is granted;

7. The clerk's office is directed to mail to the defendant a copy of the docket sheet at his last known address;

8. Defendant's Motion for Leave to Supplement his § 2255 motion (Filing No. 200) is granted;

9. That upon initial review, the court finds and concludes that summary dismissal of the First, Second and Third claims in defendant's § 2255 motion and amended § 2255 motion (Filing Nos. 180 and 202) is not appropriate;

10. That the court concludes that summary dismissal of the Fourth and Fifth claims in defendant's amended § 2255 motion (Filing No. 202) is appropriate and these claims are dismissed;

11. That by February 10, 2006, the United States shall answer or otherwise respond to **only** the First, Second and Third claims in the defendant's § 2255 motion and amended § 2255 motion, and shall file an accompanying brief; and

12. That by March 10, 2006, the defendant may file a reply brief addressing **only** the First, Second, and Third issues in his § 2255 motion and amended §2255 motion.

DATED this 6th day of January, 2006.

BY THE COURT:

**s/ Joseph F. Bataillon**
United States District Judge