IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:01CR261 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| KERRY L. BAKER, | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's, Kerry L. Baker, Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (§ 2255 motion) (Filing Nos. 180 & 202), the defendant's motion to compel (Filing No. 217), and the defendant's motion for default judgment (Filing No. 216).

**FACTUAL BACKGROUND**

The government charged Baker under a three count superceding indictment. Count I alleged conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1),(b)(1) & 846; Count II alleged possession of a firearm in furtherance of the cocaine conspiracy in violation of 18 U.S.C. § 924(c); and Count III alleged possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), (a)(2). This court held a jury trial. At the close of the government's case, Baker moved for a directed verdict pursuant to Fed. R. Crim. P. 29(a). This court reserved ruling on the Rule 29 motion until after the jury returned a verdict. The jury returned a verdict finding Baker guilty on Counts I and III and not guilty on Count II. This court did not accept the verdict as to Count I but accepted the verdicts as to Counts II and III. No motion for new trial was made. The government appealed this court's decision to

the Eighth Circuit. The Eighth Circuit remanded for sentencing on Count III and for other proceedings that the district court might conduct as to the remaining counts.

At the sentencing proceedings on June 19, 2002, this court informed the parties that it was reconsidering its earlier decision granting Baker's judgment of acquittal and considering granting a motion for new trial. (Volume VI Trial Transcript 835-838). The court ordered the parties to brief the following questions: (1) whether this court could vacate its decision to reject the jury's verdict with respect to Count I; (2) if this court vacated its decision should it order a new trial or reinstate the jury verdict. (Volume VI Trial Transcript 835-838). In response to the court's inquiries, defense counsel advised the court that no new trial could be granted because of double jeopardy. The government agreed and also advised the court that the time period for granting a new trial had passed. (Filing Nos. 108 & 109). This court then let its earlier ruling granting the judgment of acquittal on Count I of the superceding indictment stand. (Filing No. 118).

The government appealed the court's decision to uphold its earlier ruling. On appeal, the Eighth Circuit held that because the evidence taken in the light most favorable to the jury's verdict was sufficient to support the jury's verdict as to Count I, the district court's decision was reversed and remanded for sentencing.

After remand from the Eighth Circuit, Baker was sentenced to the custody of the Bureau of Prisons for 240 months on Count I of the indictment, and forty-two months on Count III of the indictment to run concurrently followed by 10 years of supervised release on Count I and three years on Count III to be served concurrently.

In his § 2255 motion, Baker raises eight issues. The court dismissed two on initial review and six remain before the court: (1) whether he received ineffective assistance of

2

counsel in that his counsel failed to move for a new trial at the end of the prosecution's closing argument; (2) whether he was denied his Sixth Amendment right to confront his accuser since Gary Johnson did not testify; (3) whether a jury is able to "discern the slight by vast difference" between a verdict based on the preponderance of the evidence and one beyond a reasonable doubt; (4) the defendant's Fifth Amendment rights were violated; (5) that the trial court erred when the court allowed hearsay testimony by co-conspirators; and (6) that he was charged twice for possession of a firearm in Counts II and III with the same indictment.

## DISCUSSION

**Claim One - Ineffective Assistance of Counsel**

Baker first argues that he received ineffective assistance of counsel based on his counsel's failure to file a motion for a new trial. Baker argues that had his counsel made such a motion the outcome in his case would have been different. The government argues that based on Fed. R. Crim. P. 29(d) the duty to file a motion for a new trial fell within the province of the court and that Baker has failed to prove he was prejudiced by any alleged error.

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984). In other words, Baker has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his attorney's performance "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Baker must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 487 U.S. at 689.

This court agrees with Baker that *United States v. Hilliard*, 392 F.3d 981 (8th Cir. 2004), is instructive in this case. In *Hilliard*, Hilliard's counsel moved for a judgment of acquittal, which the district court reserved ruling until the jury returned a verdict. *Id.* at 984. The jury found Hilliard guilty of one count of aiding and abetting the illegal transfer of firearms and he was acquitted of the other four counts. *Id.* The district court denied the motion for judgment of acquittal, and the trial court reminded defense counsel to check the rules for the requirements for filing post-trial motions and the time frames. *Id.* Hilliard's lawyer did not file a motion for a new trial until forty-one days after the verdict, although the Federal Rules of Criminal Procedure require the motion to be filed within seven days of the verdict, Fed. R. Crim. P. 33(b)(2). *Id.* The district court dismissed the motion as untimely. *Id.* Hilliard filed a § 2255 petition arguing that his trial attorney was ineffective for not filing a timely motion for a new trial. *Id.* at 985. The district court granted the motion, finding that trial counsel's failure to file a timely motion for a new trial on behalf of Hilliard simply

4

because he mistook the filing deadline, fell below an objectively reasonable standard of professional conduct. *Id.* The court further concluded that Hilliard had demonstrated that he was prejudiced by counsel's performance because the district court would have likely granted the new trial motion. *Id.* The Eighth Circuit upheld the district court's decision. *Id.* at 988.

The government argues that this case is distinguishable from *Hilliard* because unlike in *Hilliard,* this court did not make an admonition to trial counsel to file a motion for new trial. Further, the government argues that based on Rule 29 it was the court, not defense counsel, who had the duty to "file a motion for new trial." Rule 29 states that "if the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." Fed. R. Crim. P. 29. Rule 29 goes on to state "if the court conditionally grants a motion for a new trial and an appellate court later reverses the judgment of acquittal, the trial court must proceed with the new trial unless the appellate court orders otherwise."

In addressing Baker's claims, the court must first determine whether counsel's performance was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness. *Winfield v. Roper*, 460 F.3d 1026, 1033 (8th Cir. 2006). Upon review of the record, defense counsel had multiple opportunities to ensure that the court consider a motion for a new trial. Counsel had an initial opportunity to move for a new trial after the court granted Baker's judgment of

5

acquittal, allowing the court to conditionally rule on the motion for new trial in the event that the judgment for acquittal was later overturned, as happened in this case.

Moreover, after defense counsel failed to move for a new trial after the court's initial rulings in this case, this court specifically asked both parties to brief the new trial issue. But rather than asking for a conditionally ruling on a motion for a new trial in the event the judgment of acquittal was later reversed, defense counsel advised the court a new trial would be barred by double jeopardy.[1] Based on this record, as the Eighth Circuit acknowledged in *Hilliard*, there can be no serious argument that Baker's lawyer's performance was acceptable, as he simply failed to file a motion for new trial and protect against the reversal of the judgment of acquittal.[2]

Furthermore, the court is not persuaded by the government's arguments. The government argues that this case is distinguishable from *Hilliard* because this court never instructed defense counsel to file a motion for new trial. But *Hilliard* does not hold that the failure to file a dispositive motion is error only if the court has instructed the attorney to file a motion and the attorney fails to do so. An attorney has a duty to zealously and effectively represent his or her client, not simply to follow directives of the court. Indeed, the Eighth Circuit stated in *Hilliard* "[n]ot filing a dispositive motion, *particularly when directed to do so*

---

[1]On appeal, the Eighth Circuit acknowledged that it was not clear that double jeopardy concerns would have prevented a grant of a new trial when Baker still faced the risk that the Eighth Circuit might reinstate the jury's verdict. *United States v. Baker*, 367 F.3d 790, 795 fn. 1 (8th Cir. 2004).

[2]It is of note that the error was committed by two separate attorneys. Steven Lefler represented Baker during the trial and Michael Nelsen represented Baker during the sentencing proceedings and filed the brief responding to the court's questions.

*by the district court,* is a classic dereliction of an attorney's obligation to provide his client with the type of performance required by the Sixth Amendment." *Hilliard*, 392 F.3d at 986.

The government next argues that pursuant to Rule 29(d) it was the court's, not defense counsel's, responsibility to conditionally rule on a motion for new trial regardless of whether a motion was in front of the court or not.  While the court reads Rule 29 to contemplate a party moving for a new trial prior to the conditional ruling, even if the government's reading of Rule 29 were correct, defense counsel had a duty to bring such an error to the court's attention.  See Fed. R. Crim P. 33 advisory committee notes ("The [1966] amendments to the first two sentences make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant.")  This is particularly true here, where defense counsel had a second opportunity to raise the issue of the conditional ruling.

Next, the court must determine whether Baker has shown that he was prejudiced by his lawyer's mistake.  "This determination turns on whether or not there was an appropriate basis for granting [Baker's] new trial motion had it been timely filed."  *Hilliard*, 392 F.3d at 986.

Federal Rule of Criminal Procedure 33 accords the district court the power to "vacate any judgment and grant a new trial if the interest of justice so requires."  The court may grant a new trial motion where it finds that the verdict is "contrary to the weight of the evidence," *United States v. Huerta-Orozco*, 272 F.3d 561, 565 (8th Cir. 2001), and the decision to grant or deny such a motion rests "within the sound discretion of the trial court," *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002).  The court should grant the

motion where the evidence presented weighs heavily enough against the verdict that the court believes a "miscarriage of justice may have occurred." *Huerta-Orozco*, 272 F.3d at 565 (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).  Unlike a motion for acquittal, which requires the district court to consider all evidence in the light most favorable to the guilty verdict, a court considering a new trial motion is free to evaluate the evidence and credibility of the witnesses.  *Id*. at 565, 567; *see also United States v. Espinosa*, 300 F.3d 981, 983 (8th Cir. 2002) (recognizing that "[t]he standard for granting a motion for new trial is somewhat less exacting [when compared to a motion for acquittal] because the evidence need not be viewed in the light most favorable to the government").

Again, here, there is no question that the court would have granted either a motion for new trial or a conditional motion for new trial under Rule 29(d).  Although the Eighth Circuit did not agree with this court's ruling, this court found that the evidence at trial was so deficient that it warranted the granting of the motion for judgment of acquittal.  Accordingly, using the more permissive standard of a motion for a new trial, the court certainly would have granted or conditionally granted such a motion.  In granting Baker's motion for judgment of acquittal, the district court declared that certain testimony from cooperating witnesses was infirm as a matter of law and could not be accepted by reasonable jurors absent corroboration.  The court noted that:

> With respect to count one, there was only a certain amount of testimony that was relevant to whether this was a conspiracy for crack cocaine. There was no baking soda found, no baggies, no great amount of money that was found with respect to the defendant. The testimony of Cheri Carter lacks credibility in all respects, until and unless it was expressly corroborated by law enforcement. And those facts only corroborated her

relationship with Gary Johnson and his participation at some level in a conspiracy to distribute narcotics. The extent of her dealings is doubtful, even with Gary Johnson. And the extent of her dealings with the defendant, Mr. Baker, in this matter is without merit.

With respect to Roscoe Wallace, Roscoe Wallace's credibility concerning crack cocaine versus powder cocaine, in my opinion, is not reliable and could not be relied on by the jury, specifically as it relates to the difference between crack cocaine and powder cocaine in that he hasn't been able to keep his story straight concerning that with the police officers. He specifically retold the police, reporting officer, that he made a deal with Baker at Mary Queen for cocaine. The exact date is not clear. Apparently it's during the conspiracy. The officer indicated that most informants specifically identify if a drug transaction has to do with crack cocaine or not and Wallace specifically said it involved cocaine; the officer therefore believed that it was powder cocaine, which is appropriate under the circumstances. It was only later that Mr. Wallace said that it was crack cocaine, and given the huge motivation to fabricate such testimony that results from motions for downward departure and Rule 35 by the government I think his testimony is unreliable as a matter of law.

With respect to Darrell Howard, Darrell Howard never bought any cocaine from Mr. Baker. He bought cocaine from Mr. Hoskins, and the only testimony was that he bought powder cocaine, not crack cocaine. There very well may be another conspiracy, but its not for crack cocaine.

With respect to Adrian Murphy, Adrian Murphy, based on my recollection of the testimony, has no idea when he was dealing with the defendant as far as the time of this conspiracy. In fact, the time of the conspiracy, he was thrown in jail in March of 2000, which is the very beginning of the conspiracy that's alleged in the government's superceding indictment, and it's unlikely that it occurred during that time frame. So I don't think that a reasonable jury under the circumstances could find that Adrian Murphy's dealings with Mr. Baker had anything to do with the conspiracy alleged herein.

For the record, it appears that the government's entire theory of the case has to do with Mr. Johnson, and no one else, and all the rest of the testimony was basically collateral to show that Mr. Baker was involved in a conspiracy with Mr. Johnson. Mr. Murphy was basically an afterthought, and given the nature of the conspiracy indictment, as it's drawn, it is so indefinite as to render it nearly unconstitutional with respect to specificity.

The government never put any evidence on that showed Mr. Baker was in possession of any crack cocaine. The only cocaine that was found

>was in the trash of a home in which he lived, and that was powder cocaine; not crack cocaine. The cocaine found in the garage was powder cocaine and not crack cocaine. There is no credible evidence that Mr. Baker ever participated in a crack cocaine conspiracy. I'll grant there is evidence he participated in cocaine conspiracy, and the difference between the two is critical in any analysis in this case. Given the tenor of the prosecution, especially in closing argument, and given the confusion with respect to what is powder and what is crack throughout the government's case, it is not unlikely that a jury would confuse the two and not understand the significance of a conspiracy to distribute crack cocaine as opposed to a conspiracy to distribute cocaine. For that reason I'm dismissing count one of the indictment.

(Volume V Trial Transcript 815-819). And in fact, the Eighth Circuit acknowledged in Baker's direct appeal after remand, that the evidence against Baker was not overwhelming and that his conviction rested on the jury's acceptance of testimony from witnesses of "questionably credibility." *United States v. Baker*, 415 F.3d 880, 881 (8th Cir. 2005).

As the Eighth Circuit explained in *Hilliard*, in a new trial motion, the district court is to "weigh the evidence and evaluate for itself the credibility of the witnesses." *Hilliard,* 392 F. 3d at 987 (citing *Huerta-Orozco*, 272 F.3d at 565). The motion may even be granted where there is "substantial evidence to sustain the verdict." *Id.* (citing *Campos*, 306 F.3d at 579). Here, as in *Hilliard*, this court had the opportunity to determine the credibility of the government's witnesses, and it is clear based on this court's thorough assessment of the evidence presented at trial that this court would have granted a conditional motion for new trial based on the possibility that this court's ruling on the judgment of acquittal could be overturned.

Therefore, relying on the precedent established by the Eighth Circuit in *Hilliard*, the court has no choice but to grant Baker's § 2255 motion on the claim of ineffective assistance of counsel based on defense counsel's failure to file a motion for new trial

10

The resolution of this claim makes the remaining claims in the § 2255 motion moot.

THEREFORE, IT IS ORDERED**:**

1.  That defendant's § 2255 motions (Filing Nos. 180 & 202) are granted;

2.  Defendant's motion for default judgment (Filing No. 216) is denied as moot;

3.  Defendant's motion to compel (Filing No. 217) is denied as moot; and

4.  This case is referred to the Magistrate Judge for progression.

DATED this 9th day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge